FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASH NEWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>INLAND PUBLICATIONS INC.,<br><br>    Defendant. | No. 2:23-CV-00025-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**ECF No. 19** |

    Before the Court is Defendant's Motion to Dismiss, ECF No. 19. Defendant is represented by Hannah Brown and Richard Sybert. Craig Sanders represents Plaintiff. The matter was heard without oral argument. Having reviewed the First Amended Complaint, ECF No. 15, and the file in this matter, the Court is fully informed and denies Defendant's motion.

## Background

    Plaintiff's First Amended Complaint alleges as follows:

    Plaintiff is a professional photographer. ECF No. 15 at 3. On September 1, 2011, Plaintiff authored a photograph ("the Photograph") of Kris Kristofferson.[1] *Id*. at 4. Defendant is the publisher of a weekly print publication serving the Pacific

---

[1] Kris Kristofferson is an award-winning American country singer-songwriter and actor.

**ORDER** - 1

Northwest and also publishes content online. *Id*. at 3. On February 14, 2019, Defendant published a story to its website which included the Photograph without license or permission of Plaintiff. *Id.* at 4. On or about the same date, February 14, 2019, Plaintiff applied to register the Photograph with the United States Copyright Office and the Photograph was registered with the same effective date. *Id.* Plaintiff is a citizen of the State of Kentucky and "first observed" Defendant's use of the Photograph on April 28, 2022. *Id*. at 5.

Plaintiff alleges he could not have reasonably discovered the infringement at any time prior to his actual date of discovery as there were no "storm warnings" of Defendant's infringement and due to the "vast size of the Internet," "the statistical improbability of finding any particular content item therein in a commercially feasible timeframe and cost," "even with the assistance of a 'reverse search engine.'" ECF No. 15 at 5-6.

On February 1, 2023, Plaintiff commenced suit asserting a single claim for direct copyright infringement. Plaintiff seeks injunctive relief, actual damages, disgorgement of profits, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), attorney's fees and costs. *Id.* at 12.

## Legal Standards

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a Rule 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and

**ORDER -** 2

matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Klarfeld v. United States*, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support its claims. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A statute of limitations defense can support dismissal under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010).

**Discussion**

1. Judicial Notice

Before turning to the merits of the motion, the Court addresses Defendant's Request for Judicial Notice, ECF No. 19-1, which is unopposed.

A court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record may be judicially noticed, but disputed facts contained therein may not. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir.

**ORDER -** 3

2018). "[A]ccuracy is only part of the inquiry under Rule 201(b)." *Id*. "A court must also consider—and identify—which fact or facts it is noticing from" the documents. *Id*.

The Court takes judicial notice of court records filed with other United States District Courts. *See United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (a court may take judicial notice of court records in another case). This includes, Defendant's Exhibit B, which is a minute order from *Moreland v. Cafeconleche Inc.,* Cause No. C22-0809-TSZ (Dec. 13, 2022 W.D. Wash.). In addition, a search of PACER case management system shows that prior to the instant case, Plaintiff filed eight copyright infringement actions in federal courts in Arizona, California, Massachusetts, New York, Oregon, Pennsylvania, Texas, and Wisconsin. In 2019, 2021, and 2022, Plaintiff filed five cases alleging infringement of the same copyright involved in the instant action. In all five of these cases, the alleged discovery of infringing uses occurred no later than in 2019.

| Case | Case Number | Court | Date Filed | Alleged date(s) of infringement | Alleged date Plaintiff discovered the infringing use |
|---|---|---|---|---|---|
| *Newell v. Los Angeles Times* | 2:21-cv-04293-JFW-KS | CDCA | 05/24/2021 | 08/10/2015 | 9/7/2018 |
| *Newell v. Morris Higham Mgmt LLC and Kris Kristofferson* | 2:21-cv-6986-GW-JEM | CDCA | 08/30/2021 | 06/06/2017 – 7/30/2019 | 9/7/2018 |
| *Newell v. Bill Blumenreich Presents, Inc.* | 1:22-cv-11495-NMG | D. Mass. | 09/13/2022 | Not alleged | 10/05/2019 |
| *Newell v. Wisdom Digital Media, LLC* | 1:19-cv-3562-VSB | S.D. N.Y. | 04/22/2019 | Not alleged | Not alleged |
| *Newell v. Central Oregon Media Group, LLC* | 6:119-cv-1258-MK | D. Or. | 08/11/2019 | 02/22/2019 | Not alleged |

The Court also takes judicial notice of the existence of the archived webpage available through the WayBack Machine: https://web.archive.org/web/20190214151111/%20https:/www.inlander.com/spoka

**ORDER - 4**

ne/a-look-at-kris-kristoffersons-career-as-one-of-the-preeminent-musical-voices-of-his-generation/Content?oid=16486022. *See UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 603 n.2 (C.D. Cal. 2017) ("[T]he Court takes judicial notice of archived [ ] webpages because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' "). The Court also takes judicial notice of this website's content reflected in the screen capture contained in Defendant's Exhibit B, stating: "The original print version of this article was headlined 'Renaissance Man.'" ECF No. 19-3.

The Court also takes judicial notice of the existence of the webpage available at https://issuu.com/theinlander/docs/inlander_02-14-2019, and Defendant's Exhibit D, which is a screen capture from this website stating "Inlander 02/14/2019" and "Published on Feb. 13, 2019." ECF No. 19-5.

    2. *Statute of Limitations*

Defendant contends that Plaintiff's copyright claim is barred by the statute of limitations.

Copyright infringement claims must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). There are two recognized rules for determining accrual in federal copyright infringement cases: the "incident of injury rule" and the "discovery rule." *Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1246 (9th Cir. 2022). Under the incident of injury rule, a copyright claim accrues when the "when the infringement or violation of one of the copyright holder's exclusive rights occurs," no matter when the plaintiff learns of it. *Id*. at 1237. Under the "discovery rule," "[a] copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019). The injury rule is referred to as "the standard rule" and the

**ORDER -** 5

discovery rule an exception to it. *SEC v. Gabelli*, 568 U.S. 442, 448 (2013); *see also Starz Ent., LLC*, 39 F.4th at 1246.

Although Plaintiff alleges that he did not discover Defendant's alleged infringement until 2022, constructive knowledge triggers the statute of limitations. "The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim]." *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001) (citation omitted). "[S]uspicion" of copyright infringement "place[s] upon [the plaintiff] a duty to investigate further into possible infringements of [its] copyrights." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1521 (9th Cir. 1983). Even if the plaintiff "may not actually have conducted this further investigation, equity will impute to [the plaintiff] knowledge of facts that would have been revealed by reasonably required further investigation." *Id.*; *see also Bibeau v. Pac. Nw. Res. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (citation omitted), as amended, 208 F.3d 831 (9th Cir. 2000) (explaining that the "twist" of the discovery rule is that it requires "[t]he plaintiff [to] be diligent in discovering the critical facts," i.e., "that he has been hurt and who has inflicted the injury" (citation omitted)).

Defendant makes two primary arguments in support of dismissal of the Amended Complaint. First, citing Washington state law, Defendant claims the incident of injury rule governs and the discovery rule does not apply. In this case, if the injury rule were to apply, Plaintiff would be time barred from recovery on any acts of infringement that occurred prior to February 1, 2020. Defendant contends the discovery rule does not apply because the alleged infringement occurred "on a publicly-available website on February 14[, 2019]," the same day he applied for copyright registration, and there was "nothing concealing the website from him or stopping him from finding it for the next three years." ECF No. 19 at 6. There is no statutory or other directive mandating use of the injury

**ORDER -** 6

rule, the Ninth Circuit has recently indicated that it "continue[s] to apply the discovery rule" for determining accrual "in copyright cases," and it has not limited its use to a certain types of copyright cases. *Starz Ent., LLC*, 39 F.4th at 1240-41. The Court declines Defendant's request to depart from this precedent.

Second, Defendant argues Plaintiff has not "plausibly pled" application of the discovery rule because it is "simply implausible that Plaintiff could not find the [Defendant's] use," given that he is a "seasoned litigator" who discovered others' uses of the same photograph at least since 2019. ECF No. 19 at 7-8; ECF No. 26 at 5. In the Reply, Defendant asks the Court to "impute [constructive] knowledge" since 2019 as Plaintiff was "able to locate other infringements during that time" and it is "certainly reasonable that Plaintiff would have or should have discovered the Inland article prior to 2022." ECF No. 26 at 5.

Defendant's statute of limitations defense hinges on the start date for the statute of limitations – the date on which Plaintiff either actually knew of or constructively discovered the alleged Defendant's use of the Photograph. This requires a determination of whether Plaintiff, in the exercise of reasonable diligence, should have known of the basis for his claim. The Amended Complaint alleges Plaintiff did not have reasonable basis for learning of the infringement sooner because 1) there were no "storm warnings" alerting Plaintiff to *Defendant's* use of the Photograph; 2) Defendant's readership is in the Pacific Northwest and far from where Plaintiff resides; and 3) the internet is vast and monitoring it for a single image requires an "incredible amount of time." *See* ECF No. 15 at 5-8. Defendant argues that it is "certainly reasonable" to assume a diligent investigation would have revealed the Inland article "prior to 2022." ECF No. 26 at 5. While there may be merit to this argument, Plaintiff's claim is time-barred only if the statute of limitations was triggered prior to February 1, 2020, not 2022. The determination of what a party "should have discovered" by conducting a "reasonably required" investigation is a factually laden inquiry that cannot be

**ORDER -** 7

resolved at the motion to dismiss stage. That by 2019 Plaintiff had discovered other uses of the Photograph and Defendant's use was on the internet, does not make the Amended Complaint's allegations "implausible." A motion to dismiss is not an appropriate procedural mechanism to decide questions measured by a standard of reasonableness.

At this time, it does not appear beyond doubt that Plaintiff can prove no set of facts that would establish the timeliness of the claim and the question of whether this action is timely must be decided later in the case with the benefit of discovery.

    3.    *Statutory Damages and Attorneys' Fees*

Lastly, Defendant seeks dismissal of Plaintiff's claims for statutory damages and attorneys' fees because the alleged infringement "commenced" prior to the date Plaintiff obtained copyright registration for the Photograph.

Plaintiff is entitled to statutory damages and attorneys' fees "only to the extent infringement occurred after the work was registered." *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1056 n.6 (9th Cir. 2023) (citing 17 U.S.C. § 412).[2] Infringement commences for purposes of § 412 of the Copyright Act when "the first act in a series of acts constituting continuing infringement occurs." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700–01 (9th Cir. 2008).

---

[2] Section 412 of the Copyright Act provides that:

> no award of statutory damages or of attorneys' fees . . . shall be made for - "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

**ORDER - 8**

Defendant contends it is "simply not plausible" that the registration occurred before the Photograph appeared online. ECF No. 19 at 9. The Amended Complaint alleges that both registration and infringement occurred on the same date. Accordingly, the Court cannot conclude that the facts alleged in the Amended Complaint or record on the motion make it implausible that one event occurred before the other.

Defendant also argues that "the record in this case is clear" that the first act of infringement commenced on February 13, 2019 when it published the Photograph in its print publication and the online publication is just part of an ongoing infringement that commenced prior to registration. *See* ECF No. 26 at 6; ECF No. 19 at 9-11. However, the record at this stage does not contain evidence of an alleged infringement on February 13, 2019. *See* ECF No. 15; ECF No. 19 at 2-4 (Section II containing Defendant's "Factual Allegations"). Defendant's screen capture contained in Exhibit D does not evidence or show Defendant's use of the Photograph on February 13, 2019. Though other content at the associated URL may, it is not the Court's duty to search websites for evidence to present in support of party's case. Without a record of Defendant's pre-registration use of the Photograph on February 13, 2019, the Court cannot rule on whether one infringement constitutes a continuation of the other.

However, as Plaintiff seems to admit that Defendant's use of the photograph on publication on February 14, 2019 was "in a different medium on a different day," ECF No. 25 at 20, the Court notes that this does not apparently prevent a series of infringements from being considered continuous according to published case law, as well as the unpublished cases cited by Defendant only in its Reply. *See e.g.*, *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1103 (S.D. Cal. 2012) (concluding there was no legally significant difference in defendant's repeated use of a copyright on various websites, business cards, letterheads and t-shirts and

**ORDER -** 9

hats); ECF No. 26 at 7. If Plaintiff chooses to continue to pursue statutory damages and attorney's fees, resolution of this issue must occur another day.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 19**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 28th day of March 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER - 10