FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASH NEWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>INLAND PUBLICATIONS INC.,<br><br>    Defendant. | No. 2:23-CV-00025-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**ECF No. 28** |

Before the Court is Defendant's Motion for Reconsideration, ECF No. 28, requesting partial reconsideration of the Court's Order, ECF No. 27, denying Defendant's Motion to Dismiss. The motion was considered without oral argument and without need for further response from Plaintiff.

Motions for reconsideration are generally disfavored and are considered an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**ORDER ~** 1

Defendant seeks reconsideration of the portion of the Court's order denying dismissal of Plaintiff's claims for statutory damages and attorneys' fees. Defendant claims the Court made an error of fact in finding that "Defendant's screen capture in Exhibit D does not evidence or show Defendant's use of the Photograph on February 13, 2019." Defendant contends that Exhibit D is the "online edition of the accused news article using the Photograph." ECF No. 28 at 2. However, Defendant's Request for Judicial Notice did not contain the "online edition of the accused news article." *See* ECF No. 19-1 (requesting judicial notice of a "[s]creenshot of publicly-available webpage: https://issuu.com/theinlander/docs/inlander_02-14-2019."). Defendant's Exhibit D is not an article, but rather a *screen capture* with an image of the cover of the Inlander that does not evidence use of the Photograph. ECF No. 19-5. The Court did take judicial notice of the existence of the Inlander webpage, but not its content, except that proffered in Exhibit D.

Defendant's motion for reconsideration attaches new evidentiary material consisting of the declaration of its publisher, Ted S. McGregor, Jr., regarding Defendant's use of the Photograph prior to February 14, 2019. However, the Court cannot take judicial notice of the McGregor Declaration in the context of a Rule 12(b)(6) motion, without converting it to a motion for summary judgment. *See also NAC Foundation, LLC v. Jodoin*, No. 2:16-cv-01039-GMN-VCF, 2017 WL 1246338, at *3 n.5 (D. Nev. March 31, 2017) (declining to take judicial notice of "declarations alleging specific statements made by [the] Defendant" pursuant to Rule 12(b)(6)); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) (refusing to take judicial notice of a declaration submitted by investors in opposition to motion to dismiss since document was not attached to the complaint, incorporated by reference, or subject to judicial notice pursuant to Fed. R. Civ. P. 201). Motions for reconsideration "may not be used to

**ORDER -** 2

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

Defendant is free to file a motion for summary judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, **ECF No. 28**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 9th day of April 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER - 3**